## Commonwealth v. Rodriguez

*David R. Goldberg, assistant district attorney,* for Commonwealth.

*Douglas J. Waltman,* for defendant.

BUCCI, *J.*, November 13, 2009—

## PROCEDURAL HISTORY

On July 10, 2009, following a bench trial, the court found Jack Daniel Rodriguez (appellant or defendant) guilty of possession with intent to deliver a controlled substance[1] and possession of a controlled substance.[2]

Appellant was sentenced on the same date, to five to 15 years imprisonment for possession with intent to deliver a controlled substance.[3]

On August 3, 2009, appellant filed his timely notice of appeal. On August 14, 2009, the court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rules of Appellate Procedure §1925(b). Appellant filed his timely concise statement with this court on August 31, 2009.

## FACTUAL BACKGROUND

On July 26, 2008, at approximately 6:30 p.m., the Wyomissing Police Department dispatcher received a telephone call from Amelia Rodriguez who claimed to be the wife of Jack Rodriguez. N.T., pretrial hearing, 12/16/09, at 6, 11. Amelia Rodriguez informed the Wyomissing Police Department dispatcher that her husband, Jack Rodriguez, was on parole and had an outstanding domestic relations warrant for his arrest. She also

---

1. 35 P.S. §780-113(a)(30).

2. 35 P.S. §780-113(a)(16).

3. The simple possession charge merged with the delivery charge for sentencing purposes.

told the dispatcher that Jack Rodriguez was presently located in the parking lot of the Berkshire Mall and that he was wearing a black tank top, white sneakers and he was operating a red Dodge Caravan. N.T., pretrial hearing, 12/16/09, at 6-7, 10.

The dispatcher relayed this information to Sergeant Leon Grim of the Wyomissing Police Department. Prior to leaving the Wyomissing Police Department office, Sergeant Grim and the dispatcher confirmed that there was an outstanding domestic relations warrant for a person named Jack Rodriguez by checking the county computerized warrant database known as the "C.O.B.R.A. system". N.T., pretrial hearing, 12/16/09, at 15-16.

In reliance on the information received from Amelia Rodriguez, as well as the warrant information on the county "C.O.B.R.A. system", Sergeant Grim proceeded to the Berkshire Mall. Upon his arrival at the Berkshire Mall parking lot, Sergeant Grim observed a man wearing a black tank top entering the driver's seat side of a red Dodge minivan. Sergeant Grim operating a marked patrol car, and in full uniform, then parked his patrol car in a manner which partially blocked the red minivan's path of travel. N.T., pretrial hearing, 12/16/09, at 17.

Then, Sergeant Grim exited his patrol car, approached the red minivan and then asked the defendant who was the driver of the car if his name was Jack and the defendant responded in the affirmative. N.T., pretrial hearing, 12/16/09, at 18. He then saw the defendant reach around the back of the driver's seat. N.T., pretrial hearing, 12/16/09, at 26. Sergeant Grim instructed the defendant to step out of the van and he informed the defendant that

there was a warrant for his arrest. N.T., pretrial hearing, 12/16/09, at 18-19. Sergeant Grim verified defendant's identity as Jack Rodriguez by checking his driver's license. N.T., pretrial hearing, 12/16/09, at 18-19.

During Sergeant Grim's encounter with the defendant, Criminal Investigator Garipoli arrived on the scene to assist Sergeant Grim. As Sergeant Grim was speaking to the front seat passenger, he was informed by Criminal Investigator Garipoli that Criminal Investigator Garipoli noticed the defendant shove something down the front of his pants. As the officers attempted to place defendant in handcuffs, the defendant attempted to resist. N.T., pretrial hearing, 12/16/09, at 19. The defendant was eventually handcuffed at which time the police then immediately conducted a search of his person. N.T., pretrial hearing, 12/16/09, at 19-20. During the course of the search of defendant's person, the police found and seized six small bags of crack cocaine and $964 cash on the defendant's person. N.T., pretrial hearing, 12/16/09, at 24-25. The defendant was then placed in custody in the patrol car.

Sergeant Grim spoke to the front seat passenger of the vehicle, Janaira Rodriguez. He determined that she was the owner of the minivan. Sergeant Grim obtained permission from Janaira Rodriguez to search the minivan. N.T., pretrial hearing, 12/16/09, at 26-27. During the course of the search of the minivan, Sergeant Grim found and seized an additional seven small bags of cocaine behind the seat in the area where he had observed the defendant reaching when he first encountered the defendant. N.T., pretrial hearing, 12/16/09, at 27.

## ISSUES COMPLAINED OF ON APPEAL

In his concise statement, appellant alleges the following errors:

"(1) Whether the court erred in failing to suppress the evidence located in defendant's van by determining that the passenger/owner of the vehicle legally consented to a search of that vehicle where the record indicates nothing more that an officer's conclusion that the passenger/owner 'granted permission to search the van?'

"(2) Whether the court erred in failing to suppress evidence by determining that defendant was lawfully subjected to an investigative detention where officers did not observe any criminal activity?

"(3) Whether the court erred in failing to suppress evidence by de facto equating the possible existence of a domestic relations warrant for a citizen with criminal activity on the part of the citizen?

"(4) Whether the court erred in failing to suppress evidence where defendant was ordered to empty his pockets, was handcuffed, and was then fur[th]er searched where there is no basis in the record for even a *Terry* frisk much less an actual search of defendant?

"(5) Whether the court erred in failing to suppress evidence by determining that officers verified an outstanding domestic relations warrant and arrested defendant for that reason when the investigating officer himself informed dispatch not to bother verifying a suspected warrant because defendant was under arrest for a narcotics violation and here the investigating officer did not consider any warrant to be verified?

"(6) Whether the court erred in failing to suppress evidence by determining that there was a valid domestic relations warrant outstanding for defendant where the Commonwealth never bothered to verify such?

"(7) Whether the court erred in determining that it is the burden of defendant to show that there was not an outstanding warrant for his arrest, where it is, in fact, the Commonwealth's burden to demonstrate that there was an actual warrant for defendant's arrest?"[4]

## DISCUSSION

### I. *Admissibility of Evidence*

All of defendant's assigned errors pertain to his claims that the court erred by denying his motion for suppression of the physical evidence. On December 16, 2008, the court conducted an evidentiary hearing on the appellant's motion to suppress the evidence. Following the hearing, the court issued findings of fact and conclusions of law in disposition of appellant's motion to suppress the evidence. We hereby adopt our findings of fact and conclusions of law as our opinion. (See attached [not published herein].)

## CONCLUSION

For the foregoing reasons, it is respectfully requested that defendant's appeal be denied.

---

4. See appellant's concise statement dated August 31, 2009.